IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVELL WILKINS,

    Plaintiff,               No. 2:13-cv-0097 CKD P

    vs.

SOLANO COUNTY,

    Defendant.          <u>ORDER</u> &

                                  <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a Solano County Jail inmate, proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

1    In reviewing a complaint under this standard, the court must accept as true the
2 allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.
3 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
4 doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

5    Plaintiff claims that defendant Solano County failed to give him good time credits
6 to which he was entitled, and which would have resulted in his release sometime in 2012.  He
7 seeks to be compensated for "the time I did without given credits." (Dkt. No. 1 at 3.)  Plaintiff's
8 challenge to the duration of his confinement is properly the subject of an action brought pursuant
9 to 28 U.S.C. § 2254.  Such actions have different procedural requirements than actions brought
10 pursuant to section 1983.  As the United States Supreme Court has stated:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. . . . Federal petitions for habeas corpus may be granted only after other avenues of relief have been exhausted.  28 U.S.C. § 2254(b)(1)(A).  [Citation.] Prisoners suing under § 1983, in contrast, generally face a substantially lower gate, even with the requirement of the Prison Litigation Reform Act of 1995 that administrative opportunities be exhausted first. 42 U.S.C. § 1997e(a)**.**

19 <u>Muhammad v. Close</u>, 540 U.S.749, 750-751 (2004) (per curiam).

20    Because plaintiff's brief statement of claim does not concern his conditions of
21 confinement, the complaint cannot be cured by amendment.  Thus the court will recommend that
22 this action be dismissed.

23    Accordingly, IT IS HEREBY ORDERED that:
24    1.  Plaintiff's request for leave to proceed in forma pauperis is granted;
25    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
26 All fees shall be collected and paid in accordance with this court's order to the Director of the

3

1 California Department of Corrections and Rehabilitation filed concurrently herewith; and

2        3. The Clerk of Court assign a District Judge to this action.

3        IT IS HEREBY RECOMMENDED THAT the complaint (Dkt. No. 1) be dismissed for the reasons set forth above and this case closed.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 29, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
wilk0097.B