1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARVELL WILKINS,                         No.  2:13-cv-0097 LKK CKD P

12                  Plaintiff,

13        v.                                   ORDER

14   SOLANO COUNTY,

15                  Defendant.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

18   under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to

19   28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20        On January 29, 2013, the magistrate judge filed findings and recommendations herein

21   which were served on plaintiff and which contained notice to plaintiff that any objections to the

22   findings and recommendations were to be filed within fourteen days.  Plaintiff has not filed

23   objections to the findings and recommendations.

24        Although it appears from the file that plaintiff's copy of the findings and

25   recommendations was returned, plaintiff was properly served.  It is the plaintiff's responsibility to

26   keep the court apprised of his current address at all times.  Pursuant to Local Rule 182(f), service

27   of documents at the record address of the party is fully effective.

28

                                        1

1    The court has reviewed the file.  Plaintiff, who was incarcerated in the Solano County Jail

2    at the time that he filed this action, claims that defendant violated his rights by failing to give him

3    "any credits" against his sentence.  Complaint, filed January 17, 2013 (ECF No. 1) at 3.  He

4    claims that he would have been released in either July 2012 or October 2012 had he been given

5    properly calculated "actual days" credit.  Id.  He seeks compensation, apparently for the extended

6    time he spent in custody. See id.   The magistrate judge finds that plaintiff's action "is properly

7    the subject of an action brought pursuant to 28 U.S.C. § 2254" and that his § 1983 complaint

8    could not be cured by amendment because the statement of claim does not concern conditions of

9    confinement.

10    On February 8, 2013, the Solano County Sheriff filed notice that plaintiff was released

11    from custody on January 28, 2013.  On the same day, plaintiff's copy of the magistrate judge's

12    findings and recommendations, served on plaintiff at the Solano County Sentenced Detention

13    Facility, was returned undelivered.  Plaintiff has not filed a notice of change of address.

14    When filed, plaintiff's § 1983 complaint was barred by the rule announced in Heck v.

15    Humphrey, 512 U.S. 477 (1994) and its progeny, which precludes plaintiffs from proceeding on

16    damages claims arising from events that implicate the validity of a conviction or sentence unless

17    that conviction or sentence has been set aside.  It was therefore subject to dismissal without

18    prejudice.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).  Plaintiff's release

19    from incarceration raises the question whether any habeas action would have been rendered moot

20    and his damages action therefore permissible.  See Nonnette v. Small, 316 F.3d 872, 877 (9th Cir.

21    2002); but see Guerrero v. Gates, 442 F.3d 697 (9th Cir. 2006).  The court need not reach these

22    questions, however, because plaintiff has filed to notify the court of his current address as

23    required by Local Rule 182(f).  This action will, therefore, be dismissed for lack of prosecution.

24    See Local Rule 183(b).

25    In accordance with the above, IT IS HEREBY ORDERED that this action is dismissed for

26    lack of prosecution. See Local Rule 183(b).

27    DATED:  October 21, 2013.

28

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT